SALCINES, Judge.
Michael A. Phillips appeals the revocation of his probation. We affirm the revocation of probation but reverse the order revoking probation and remand for the trial court to enter an amended order.
On November 18, 2004, Phillips entered a no contest plea to the charges of possession of cocaine and possession of marijuana. The trial court imposed a two-year suspended sentence and placed Phillips on probation for two years. Subsequently, the trial court converted Phillips’ probation to administrative probation.
Thereafter, the probation officer received information that Phillips had been using drugs. Based on this information, the probation officer directed Phillips to report to the probation office where a urine sample was taken. On June 6, 2005, Phillips tested positive for the use of cocaine and marijuana. Phillips argues that the revocation of probation based on the results of the urinalysis was improper because the State failed to prove the existence of a valid condition of probation requiring him to submit to urinalysis testing.
Administrative probation transfers the probationer to a nonreporting status. See 948.001(1), Fla. Stat. (2004); State v. Giorgetti, 868 So.2d 512, 513-14 (Fla.2004). However, while on administrative probation, the probationer remains on a form of probation, and the standard conditions of probation set forth in section 948.03(1) are still applicable. Phillips had constructive notice of these conditions. See Maddox v. *256 State, 760 So.2d 89, 105 (Fla.2000). The standard conditions listed in section 948.03(1) include:
(k)(l) Submit to random testing as directed by the correctional probation officer or the professional staff of the treatment center where he or she is receiving treatment to determine the presence or use of alcohol or controlled substances.
[[Image here]]
(m) Be prohibited from using intoxicants to excess or possessing any drugs or narcotics unless prescribed by a physician. The probationer or community controllee shall not knowingly visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
Under section 948.03(l)(k)(l), Phillips was required to submit to random drug tests. Phillips violated section 948.03(l)(m) when he tested positive for marijuana and cocaine use. We affirm the revocation of probation because the trial court did not abuse its discretion when it revoked Phillips’ probation based on this violation.
At the October 9, 2006, revocation of probation hearing the trial court orally stated that the revocation was based on the testimony of the probation officer concerning the positive results of the urinalysis and Phillips’ admission to the probation officer that he had used cocaine and marijuana. However, the order revoking Phillips’ probation does not identify the specific conditions which had been violated but merely states: “On 10-19-2006, THE COURT FOUND THE DEFENDANT IN VIOLATION OF PROBATION AS ALLEGED ON THE AFFIDAVIT AND WARRANT DATED 4-17-2006.”
The record before this court does not contain an affidavit of violation of probation or a warrant dated April 17, 2006. Phillips did not test positive for cocaine and marijuana use until June 6, 2006. Accordingly, we reverse the order of revocation of probation and remand for entry of an amended order which conforms to the trial court’s oral pronouncement and properly sets out the manner in which Phillips violated his probation.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and SILBERMAN, JJ„ Concur.